1

2

3

4

5

6

7                             UNITED STATES DISTRICT COURT
                              WESTERN DISTRICT OF WASHINGTON
8                                        AT SEATTLE

9

10   BERNADETTE SCHNEIDER, et al.,

11                 Plaintiffs,

                                                    NO.  C07-1160JLR
12          v.
                                                    ORDER
13   WILCOX FARMS, INC., et al.,

14                 Defendants.

15

16          This matter comes before the court on Defendants' motion for summary judgment

17   (Dkt. # 18).  Defendants argue that Plaintiffs cannot prove the necessary elements of a

18   Washington Consumer Protection Act ("CPA") violation and that, in any event, federal

19   preemption and state-law preclusion defeat the CPA claim.  Defendants also contend that

20   Plaintiffs' other claims lack merit.  In addition to responding to the merits of these arguments,

21   Plaintiffs (1) move for a Federal Rule of Civil Procedure 56(f) continuance so they may

22   collect additional evidence and (2) contend that Defendants waived the affirmative defense of

23   federal preemption by failing to plead it.  The court agrees that ruling on Defendants'

24   summary judgment motion at this time would be premature and that Defendants failed to

25

26   ORDER - 1

1    plead the affirmative defense of federal preemption.  The court therefore DENIES

2    Defendants' motion for summary judgment (Dkt. # 18) with leave to renew their motion by

3    filing it after July 7, 2008; GRANTS Plaintiffs' request under Rule 56(f) to conduct further

4    discovery; and GRANTS Defendants' Rule 15(a)(2) request for leave to amend their Answer

5    to include federal preemption as an affirmative defense.

6    **1.      Rule 56(f)**

7            Plaintiffs move for a Rule 56(f) continuance.  "Rule 56(f) requires affidavits setting

8    forth the particular facts expected from the movant's discovery."  *Brae Transp., Inc. v.*

9    *Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986); *see* Fed. R. Civ. P. 56(f); *see also*

10   28 U.S.C. § 1746 (providing that a properly prepared declaration is admissible in federal

11   court with the same effect as an affidavit).  Plaintiffs "must show how additional discovery

12   would preclude summary judgment and why a party cannot immediately provide 'specific

13   facts' demonstrating a genuine issue of material fact."  *Mackey v. Pioneer Nat'l Bank*, 867

14   F.2d 520, 523–24 (9th Cir. 1989).

15           Plaintiffs state that they have not yet had sufficient time to obtain final expert opinions

16   about certain matters—such as the health benefits of the different kinds of Omega 3 fatty

17   acids—as well as evidence about the impact of Defendants' conduct on other members of the

18   public.  (Resp. (Dkt. # 24) at 13; McDermott Decl. (Dkt. #  24-1) ¶ 15.)  The court agrees

19   because this evidence is central to their theory of liability and there is no indication that

20   Plaintiffs have been dilatory in collecting it.  In this purported class action, Plaintiffs contend,

21   among other things, that Defendants' eggs contain a kind of Omega 3 fatty acid that has few

22   health benefits and that consumers have been misled into believing that a harmful product is

23   beneficial.  (First Am. Compl. (Dkt. # 4) ¶¶ 1–22.)  The deadline for disclosing expert

24   testimony is July 7, 2008, and the deadline for the completion of discovery is September 12,

25   2008.  (*See* Stip. to Am. Case Sched. (Dkt. # 23) at 1.)  Granted additional time for discovery,

26   ORDER - 2

1  Plaintiffs could conceivably demonstrate a genuine issue of material fact with respect to their

2  claims.[1]

3        The court GRANTS Plaintiffs' motion under Rule 56(f) to conduct additional

4  discovery.  Plaintiffs state that they could respond adequately to a motion for summary

5  judgment filed after July 7, 2008, (Resp. at 13), and the court will hold them to this assertion,

6  absent extraordinary circumstances, because they now know exactly what aspects of their

7  case Defendants are attacking.  The court DENIES Defendants' motion for summary

8  judgment with leave to renew their motion by filing it after July 7, 2008.  The motion should

9  be noted for consideration consistent with Local Rule W.D. Wash. CR 7(d).

10  **2.    Federal Preemption**

11        Although Defendants argue that Plaintiffs' CPA claim is federally preempted, (Mot. at

12  11–15), they failed to assert federal preemption as an affirmative defense in their Answer.[2]

13  Avoidance defenses such as federal preemption are waived if not raised in the pleadings.  *See,*

14  *e.g.*, *Brannan v. United Student Aid Funds, Inc.*, 94 F.3d 1260, 1266 (9th Cir. 1996);

15  *DIRECTV, Inc. v. Barrett*, 311 F. Supp. 2d 1143, 1146–47 (D. Kan. 2004); *see* Fed. R. Civ.

16

---

17       [1]The court emphasizes, however, that it here makes no determination about whether Plaintiffs
18  actually will demonstrate a genuine issue of material fact or whether a purported class should be
   certified.  The court finds only that Plaintiffs are permitted additional time to conduct discovery to
19  address the issues raised in Defendants' summary judgment motion.

20       [2]Contrary to Defendants' suggestion, their assertion of "primary jurisdiction" was not sufficient
   to put Plaintiffs on notice about an affirmative defense of federal preemption.  Outside of the labor
21  context considered in *San Diego Bldg. Trades Council v. Garmon* and its progeny, "primary
   jurisdiction" refers to a doctrine of abstention rather than of preemption, i.e., "it governs only the
22  question whether court or agency will *initially* decide a particular issue, not the question whether
   court or agency will *finally* decide the issue."  *Sears, Roebuck & Co. v. San Diego County Dist.*
23  *Council of Carpenters*, 436 U.S. 180, 199 (1978) (citation and internal quotation marks removed); *see*
   *Boyes v. Shell Oil Prods. Co.*, 199 F.3d 1260, 1266 (11th Cir. 2000) ("Abstention . . . under the
24  primary jurisdiction doctrine is rarely, if ever, appropriate when federal law preempts state law.").  The
   difference is exemplified in Defendants' decision to move for summary judgment on the issue of
25  federal preemption without referring to the primary jurisdiction doctrine.

26  ORDER - 3

1    P. 8(c); 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* §§ 1271,

2    1278 (3d ed. 2004).  Nevertheless, the court GRANTS Defendants' request for leave to

3    amend their Answer to include federal preemption as an affirmative defense.  *See* Fed. R. Civ.

4    P. 15(a)(2).

5           Dated this 6th day of June, 2008.

6

7

8    _____
     JAMES L. ROBART
9    United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   ORDER - 4